## BRUCE v. MARINO.
### No. 9684.

Circuit Court of Appeals, Eighth Circuit.

Feb. 16, 1934.

Arthur H. Sturges, of Omaha, Neb., for appellant.

Ed. S. Hickey, of Omaha, Neb. (John A. McKenzie and Louis T. Carnazzo, both of Omaha, Neb., on the brief), for appellee.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is an action for infringement of patent No. 1,606,342, issued to Edmund A. Bruce and covering a "draining device." From a decree dismissing the complaint on the merits this appeal is brought.

The trial court found both lack of invention and no infringement. The prime purpose of this patent is to provide a device for draining oil from the crank case of automobiles. It consists of a rigid support carrying three movably jointed sections of pipe with a funnel-shaped attachment in the top of the highest joint. Through operation of these joints the funnel can be vertically and horizontally positioned so that it may be placed under the opening in the automobile crank case from which the oil is to be drained from the machine into a receiving receptacle. It is difficult to believe that any plumber called to install a drain device for this purpose would not readily put up one of the general character of that covered by the patent. The usefulness of an adjustable device which could locate the funnel under the outlet of the automobile crank case would be quite evident and it would be equally clear that this might be accomplished by pipes with movably connected joints. Such a situation and such result require nothing more than ordinary mechanical skill.

The use of pipes and movable joints is very old, and if there could, by any possibility, be invention in the patented device, a very narrow range of equivalents would, necessarily, result, and the patentee would not be entitled to claim any and all uses of movably jointed pipes used for this purpose. The device of defendant is different from the patented device in the character of joints and in the plane of movement. Defendant uses a relatively long pipe permanently attached by supports to the wall of the pit over which the automobile is placed. This pipe is set at an angle sloping upward—the rise being much less than the horizontal distance covered. To the outer end of this pipe are attached two connected elbow joints loosely screwed into each other. To the outer joint is loosely screwed a short section of pipe and to that, in turn, is loosely screwed an inverted tee joint support for a yet shorter section of pipe to the top of which is rigidly attached a funnel. These loose screw joints permit a swinging of the funnel within the radius of the pipe between the elbow and tee joints and the tipping of the funnel by movement of the tee joint. Considering the narrow range of equivalents to which the patented device must be confined if the patent be valid, it is clear that defendant's device does not fall therein. We think the patent is invalid for lack of novelty but, if valid, is not infringed by defendant's device.

The decree should be, and is, affirmed.